## Sovich v. Reading Co., successor to Phila. & Reading Ry. Co.

*Pleading — Statement of claim — Insufficiency of information given — Motion to strike off — Motion for more specific statement — Practice Act of 1915.*

Under the Practice Act of May 14, 1915, P. L. 483, a motion to strike off a statement of claim will be dismissed where the real complaint of the defendant is that the statement of claim does not furnish him with sufficient information to enable him to draw an adequate affidavit of defense, the proper remedy in such a case being a motion for a more specific statement.

Listie Coal Co. *v.* Hall Bros. & Co., 18 Del. Co. Reps. 102, followed.

Motion to strike off statement of claim. District Court of the United States for the Eastern District of Pennsylvania, June T., 1925, No. 11516.

*Carl G. Kirsch,* for plaintiff; *Wm. Clarke Mason,* for defendant.

KIRKPATRICK, Dist. J., March 3, 1928.—In this case, the real complaint of the defendant is that the statement of claim does not furnish him with sufficient information to enable him to draw an adequate affidavit of defense. He should have moved for a more specific statement. Instead, his motion is to strike the statement of claim from the record. In an opinion in Listie Coal Co. *v.* Hall Brothers & Co., Inc., 18 Del. Co. Law Reps. 102, Judge Dickinson clearly and concisely explained the theory and requirements of the Pennsylvania Practice Act in the following language:

"There are familiar distinctions, the sight of which should never be lost. We have here to do with a pleading. Every litigant plaintiff must have suffered a legal injury and a damage. The *injuria* and the *damnum* are distinct. He must have, moreover, not merely a grievance but a remedy. The *injuria* and the *damnum* constitute his cause of action and his legal remedy is in his right of action. The primary and main function of the pleading of the plaintiff is to set forth this cause of action, because if he does not have this he has nothing. This is of the substance of the pleading to which other functions are added. One is to apprise the defendant of what the complaint made of him is, so that he may be required to answer it and an issue either of fact or law be thus raised. These are of the substance of a pleading, but it must likewise have form. In our modern systems of pleading, almost without exception, the form is prescribed by statute. This is a legal *ipse dixit*. All remonstrance is silenced by the *ita lex scripta est* argu-

ment. A good statement of claim is thus a triumvirate. In the inverse order of their real value there must be (1) compliance with the required form; (2) a fact statement which will serve the purpose of a bill of particulars; and (3) the disclosure of a good cause of action. The Pennsylvania Practice Act of 1915 recognizes all these distinctions. It is a procedural act and first classifies actions and provides for appropriate process writs. It next prescribes the forms which pleadings must take and provides an appropriate remedy for failure in compliance. If a statement of claim is defective in form, the question may be raised by a rule to strike it off; if sufficient facts are not averred to inform the defendant of what he is called upon to answer, he may have a rule for a more specific statement, and if no cause of action is set forth, the statement may be challenged by a statutory demurrer."

Motion to strike off statement of claim is dismissed.